UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEREK BEST,                                                 )<br>                                                                       )<br>        PLAINTIFF,                                        )<br>                                                                       )     Case No. 15-cv-2610<br>        v.                                                        )<br>                                                                       )<br>CREDIT WORLD SERVICES, INC.,       )<br>                                                                       )<br>        DEFENDANTS.                                  )     <u>Jury Demanded</u> | |

### COMPLAINT

Plaintiff, Derek Best, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

### PARTIES

3. Plaintiff, Derek Best ("Plaintiff"), is a resident of the State of Kansas, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Flint Hills Technical College student loan account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4.      Defendant, Credit World Services, Inc. ("CWS"), is a Kansas corporation with its principal place of business and registered agent at 6000 Martway Street, Mission, KS 66202. (Exhibit A, Record from Kansas Secretary of State).

5.      Defendant CWS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6.      Defendant CWS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7.      Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Flint Hills Technical College ("Flint Hills") student loan account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8.      Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9.      CWS was subsequently retained or hired by Flint Hills to collect the alleged debt.

10.     On or about January 15, 2015, CWS mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

11.     The Letter conveyed various information regarding the account directly to Plaintiff, including the amount due, the identity of the original creditor, and the account number.

12.     Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

13.     The Letter was mailed in an envelope with a glassine window that showed Plaintiff's name and address.

14. Included above the Plaintiff's name, at the top of the window was a number.

15. The number ("Account Number") matches Plaintiff's account number for the alleged debt, ending in 3431.

16. The Account Number is visible through the window of the envelope.

17. The Account Number is not part of the debt collector's address.

18. The Account Number is not part of the debt collector's name.

19. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

20. CWS used unfair means to collect or attempt to collect a debt by exposing Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

21. An account number for a consumer's debt may not be disclosed on the face of an envelope that the debt collector mails to the consumer. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

22. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Kalebaugh v. Berman & Rabin, P.A.*, No. 13-2288-DDC-TJJ, 2014 WL 4259150, at *5 (D. Kan. Aug. 28, 2014).

23.     The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir. 2002).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

24.     Plaintiff re-alleges the above as if set forth fully in this count.

25.     CWS used unfair means in connection with an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(8) when it exposed Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant CWS as follows:

A.     Actual Damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ Ryan Callahan
One of Plaintiff's Attorneys

Ryan Callahan
**Callahan Law Firm, LLC**
221 E. Gregory Blvd., Suite A
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com
Bar No. 25363